UNPUBLISHED

UNITED STATES COURT OF APPEALS
FOR THE FOURTH CIRCUIT

No. 07-1128

DALE R. MICHAEL,

Plaintiff - Appellant,

v.

WESBANCO BANK, INCORPORATED,

Defendant - Appellee.

Appeal from the United States District Court for the Northern
District of West Virginia, at Wheeling.  Irene M. Keeley, Chief
District Judge.  (5:04-cv-00046-REM)

Argued:  May 14, 2008                    Decided:  July 31, 2008

Before WILKINSON and KING, Circuit Judges, and Jackson L. KISER,
Senior United States District Judge for the Western District of
Virginia, sitting by designation.

Affirmed by unpublished opinion.  Senior Judge Kiser wrote the
opinion, in which Judge Wilkinson and Judge King joined.

**ARGUED:** Robert Gabriel Coury, SMITH & COURY, Woodsfield, Ohio, for
Appellant.  Denise Knouse-Snyder, Edward M. George, III, PHILLIPS,
GARDILL, KAISER & ALTMEYER, Wheeling, West Virginia, for Appellee.
**ON BRIEF:** Gary W. Smith, SMITH & COURY, Woodsfield, Ohio, for
Appellant.

Unpublished opinions are not binding precedent in this circuit.

KISER, Senior District Judge:

On June 6, 2006, Appellant Dale R. Michael ("Michael") moved for partial summary judgment on his claims of breach of fiduciary duty and express trust against Appellee Wesbanco Bank, Inc. ("Wesbanco"). The district court, deciding that there was no express trust or fiduciary relationship between the parties to the contract at issue, denied that motion in an opinion filed September 1, 2006. Michael appealed this ruling when that judgment became final, arguing to this Court that Wesbanco was in fact a fiduciary or trustee of Michael, and that therefore the district court must be reversed and judgment entered in Michael's favor. Michael has also argued that it was erroneous to exclude the videotaped testimony of a particular witness at trial. Because there were disputed issues of material fact regarding what kind of contractual or fiduciary relationship, if any, existed between the parties, we must affirm the district court's denial of summary judgment for Michael. We also find that the trial judge was within his discretion to exclude the challenged testimony.

I

Appellant Dale R. Michael was a friend of troubled businessman Ralph Tolbert, owner of an automobile dealership. Tolbert's business was heavily indebted and he sought Michael's assistance in paying its debts to creditors, including Thrifty Car Rental

2

Systems, Inc. ("Thrifty"). Michael agreed, and obtained loans from Wesbanco's predecessor in interest, Wheeling National Bank, for Tolbert's benefit.[1]

In February 2001, Michael met with Tolbert and Paul Donahie, then President of the Bank. On February 15, 2001, and February 27, 2001, the Bank issued loans to Michael in the amounts of $150,000 and $50,000, respectively. Immediately upon issue, Michael turned the loan proceeds over to the Bank, and instructed the Bank to hold the proceeds and use them to pay off Tolbert's debts. The precise language used by Michael to instruct the Bank on the use of the proceeds is sharply disputed by the parties. The Bank claims that the proceeds were being loaned directly to Tolbert by Michael, and thereafter it took Tolbert's direction when deciding how to pay creditors. The Bank made disbursements to Thrifty as well as to Citizens Savings Bank for obligations involving the titles to vehicles Tolbert had sold to customers. Nevertheless, Tolbert's outstanding debts proved too formidable, such that Michael's loans were insufficient to save the business. Tolbert filed for bankruptcy in October 2001.

On April 9, 2004, Michael filed a complaint in the United States District Court for the Northern District of West Virginia against the Bank, alleging breach of contract, willful and wanton

---

[1]Wesbanco merged with Wheeling National Bank, effective March 1, 2001, assuming all liability for the latter's obligations. The two banks will henceforth be referred to simply as "the Bank."

conduct, and for an accounting related to the reserve bank account set up in conjunction with the loans.  Later, Michael amended his complaint to add a fraud claim.

At the summary judgment stage, Michael asserted a breach of fiduciary duty claim, or alternatively, breach of an express trust. United States District Judge W. Craig Broadwater denied Michael's motion for partial summary judgment as to liability on his claims for breach of fiduciary duty or express trust, and simultaneously granted the Bank's motion for summary judgment as to those claims, "as [the Bank] did not undertake fiduciary obligations."  (J.A. 218-19.)

After ruling on the cross-motions for summary judgment by the parties, the case proceeded to a jury trial on the two issues of whether the Bank had breached its contract with Michael or defrauded him in its actions.  During the trial, Judge Broadwater excluded the entire testimony of Edward George, II, Chairman of the Board of the holding company and President of Wesbanco.  Michael had hoped to rely on George's testimony to establish that it was not standard operating procedure to put the loan proceeds in the Bank's general ledger, since this would make a proper accounting impossible, and that therefore the Bank's procedures for handling the transaction at issue were unusual or suspect.  However, from his deposition testimony, the Bank argued that allowing George's testimony would, *inter alia*, be more confusing than probative for

4

the jury.  George was also introduced as a lay witness, not an expert.  Judge Broadwater therefore struck the testimony on the basis that George had no personal knowledge of the loan transactions, since neither the holding company nor Wesbanco were involved with Wheeling National Bank at the time of the transactions.

On October 5, 2006, the jury found in favor of the Bank on both counts. Michael's post-trial motions for judgment as a matter of law or alternatively for a new trial were denied by District Judge Irene M. Keeley, who presided over the case after the untimely death of Judge Broadwater.

Michael now appeals the district court's denial of his motion for partial summary judgment on the theories of breach of fiduciary duty and breach of express trust by the Bank, as well as the exclusion of George's testimony at trial.

II

A.

We review *de novo* a district court's denial of summary judgment, construing all facts and reasonable inferences in the light most favorable to the nonmovant.[2]  Shaw v. Stroud, 13 F.3d

---

[2]Notably, Appellant did not notice an appeal of the district court's decision to grant summary judgment to the Bank on the claims of breach of fiduciary duty and express trust.  This affects our standard of review in this case, since Michael is only appealing the denial of his own motion for summary judgment, and

791, 798 (4th Cir. 1994) (citations omitted), <u>cert. denied</u>, 513 U.S. 813 (1994). Summary judgment is appropriate when no genuine issue exists as to any material fact and the moving party is entitled to judgment as a matter of law. Fed. R. Civ. P. 56(c). A genuine issue of a material fact exists "if the evidence is such that a reasonable jury could return a verdict for the nonmoving party." <u>Anderson v. Liberty Lobby, Inc.</u>, 477 U.S. 242, 247-48 (1986). "[T]he mere existence of a scintilla of evidence in support of the [nonmovant's] position will be insufficient; there must be evidence on which the jury could reasonably find for the [nonmovant]." <u>Id.</u> at 252.

B.

Michael claims that the Bank breached its fiduciary duty to him by not properly paying out the loan proceeds per his instructions, self-dealing, and through "conflicting loyalties." (App. Br. 8.) Michael also asserts that the Bank violated its fiduciary duty to him when it changed the "material terms of the reserve account[3] contract of 1999 on February 28, 2001 and [paid]

---

not the granting of the Bank's motion on that issue. Therefore all reasonable inferences must be construed in favor of the Bank.

[3]A "reserve account" is an account kept by a bank to secure against default by a borrower. The Bank in this case kept a reserve account for Tolbert's debts on his retail installment contracts. Michael maintains that Tolbert had assigned the reserve account to him as assurance for his loans to Tolbert.

6

him zero dollars out of the $120,000 reserve account that Tolbert assigned to Appellant Michael."  (App. Reply Br. 7-8.)

In order to establish a breach of fiduciary duty, a plaintiff must first show that a fiduciary relationship was formed, and second that it was breached.  The fiduciary duty is a "duty to act for someone else's benefit, while subordinating one's personal interests to that of the other person."  Elmore v. State Farm Mut. Automobile Ins. Co., 202 W. Va. 430, 435, 504 S.E.2d 893, 898 (1998) (quoting Black's Law Dictionary 625 (6th ed. 1990)).  A fiduciary relationship exists "whenever a trust, continuous or temporary, is specially reposed in the skill or integrity of another."  McKinley v. Lynch, 58 W. Va. 44, 57, 51 S.E. 4, 9 (1905).  "As a general rule, a fiduciary relationship is established only when it is shown that the confidence reposed by one person was *actually accepted* by the other, and merely reposing confidence in another may not, of itself, create the relationship."  Id. (quoting C.J.S. Fiduciary at 385 (1961)) (emphasis added).

The district court, in denying Michael's motion for partial summary judgment, found that there were disputed issues of material facts for the jury to resolve at trial.  Specifically, the parties disputed what Michael's specific instructions to the Bank were with regard to using the loan proceeds to pay Tolbert's debts.  Michael contended that he instructed the Bank only to pay off Tolbert's debts to Thrifty and wanted the Bank to act as a fiduciary to

7

Michael; the Bank claimed that it understood the arrangement to be a commercial loan from the Bank to Michael, followed by a loan from Michael to Tolbert with the Bank acting as an agent of Tolbert, taking the latter's direction in paying down his business's obligations. Because of this dispute, the jury was required to resolve precisely what kind of contractual agreement existed among the three parties, and so the district court denied summary judgment to Michael.[4]

But even assuming *arguendo* that there was a contractual relationship between the parties with respect to disbursal of the loan proceeds, Michael cannot show undisputed facts establishing a higher duty than contract – that of a fiduciary. Instead, from what few facts are undisputed, it appears that this contract was nothing more than one made incident to a standard commercial loan between creditor and debtor. A creditor-debtor relationship generally does not implicate the higher duty of a fiduciary. See Knapp v. American General Finance, Inc., 111 F. Supp. 2d 758, 766 (S.D. W. Va. 2000). On review of Michael's motion for summary judgment, this Court must take the facts in a light most favorable to the Bank, as nonmovant. The promissory note is insufficient to create a fiduciary relationship and because Michael's verbal instructions were disputed by the Bank, summary judgment is

---

[4]At trial, the jury found in favor of the Bank that the contractual relationship at issue was as the Bank alleged and, therefore, had not been breached.

inappropriate.  Therefore, we affirm the district court's ruling denying Michael's motion for summary judgment.

### III

#### A.

We review a district court's decision to admit or exclude evidence for abuse of discretion. <u>General Elec. Co. v. Joiner</u>, 522 U.S. 136, 141-43, 118 S. Ct. 512, 517, 139 L. Ed. 2d 508, 516-17 (1997); <u>Bristol Steel & Iron Works v. Bethlehem Steel Corp.</u>, 41 F.3d 182, 188 (4th Cir. 1994).

#### B.

The district court excluded the videotaped trial deposition of Edward George, II ("George"), the former President and Chairman of the Board of Wesbanco.  Michael argues this was error.  The district court's reasoning for disallowing Mr. George's testimony was that he had no personal knowledge of the events at issue.  The Bank argues that George's testimony, while having some utility by describing common banking procedures and practices, was cumulative and of marginal probative value.  Banking practices could have been easily established by other witnesses in the case.  Michael argues in response that George was competent to testify as a lay witness as to banking procedures and the irregularity of the Bank's

9

treatment of Michael's loan proceeds, both of which were relevant to the matter in dispute.

Allowing George's testimony as to banking procedures would have been simply cumulative. George was not designated as an expert witness and could not express his opinion that the transaction was non-standard. There were a number of banking professionals who had been called as witnesses and who actually had personal knowledge of the transaction. They would have been able to offer precisely the evidence for which Michael claims George was necessary. George's testimony adds nothing to the jury's knowledge of the case, while potentially distracting from or confusing the issues for the jury. The district court was well within the bounds of its discretion in excluding the testimony.

IV

For the foregoing reasons, we affirm the district court on both issues.

AFFIRMED

10